**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>**MORIN BRICK COMPANY,**<br><br>      Debtor. | Chapter 11<br><br>Case No. 08-21022 |

**ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 365 GRANTING DEBTOR'S MOTION FOR ORDER APPROVING SALE OF SUBSTANTIALLY ALL OF ITS ASSETS TO HILLCREST MANAGEMENT, LLC OR ITS ASSIGNEE, FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES AND FOR APPROVAL OF THE ASSUMPTION AND ASSIGNMENT OF <u>CERTAIN LEASES AND EXECUTORY CONTRACTS</u>**

Upon the motion (the "<u>Motion</u>") filed by the above captioned Debtor (the "<u>Debtor</u>") on March 12, 2009 requesting entry of an Order For Authority To Sell Substantially All Assets to Hillcrest Management, LLC Free and Clear of Liens, Claims and Encumbrances and for Approval of the Assumption and Assignment of Certain Leases and Executory Contracts (the "<u>Sale Motion</u>"); and based upon the Order Approving Bidding Procedures dated March 16, 2009 (the "<u>Bidding Procedures Order</u>") approving certain bidding and auction procedures and approving the form of notice of the sale hearing (the "<u>Sale Hearing</u>"); and due notice of the Sale Motion and relief sought therein and of the Sale Hearing having been given to all parties entitled thereto under the Bidding Procedures Order, as evidenced by the certificates of service filed with the Bankruptcy Court; and upon the record of the Sale Hearing; and based on the pleadings, testimony of witnesses, if any, and arguments of counsel, and good and sufficient cause appearing therefor;

IT IS HEREBY FOUND AND DETERMINED THAT:

A. The findings and conclusions set forth herein constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, made applicable to this proceeding pursuant to Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. The Bankruptcy Court has jurisdiction and authority to hear and determine the Sale Motion pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (N). Venue of this case in this district is proper under 28 U.S.C. § 1409. The statutory predicates for the relief sought herein are sections 105, 363, and 365 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004 and 6006 and Local Rule 83.6.

C. The Debtor has followed the procedures for giving notice of the Sale Motion and the Sale Hearing,[1] as set forth in the Bidding Procedures Order. Proper, timely and adequate notice of the Sale Motion and the Sale Hearing has been provided in accordance with Section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006 and 9014 and the Bidding Procedures Order, and no other or further notice of the Sale Motion, the Sale Hearing or the entry of this Sale Order is required.

D. A reasonable opportunity to object or be heard regarding the requested relief has been afforded to all interested persons and entities as outlined in the Bidding Procedures Order and other filings relating to the sale transaction.

---

[1] Unless defined herein, all capitalized terms shall have the same meanings ascribed to them in the Asset Purchase Agreement attached to the Sale Motion as Exhibit A..

E. On September 3, 2008 the Debtor filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Maine (the "<u>Bankruptcy Court</u>"). The Debtor is in the business of brick manufacturing and masonry product sales.

F. The Debtor has demonstrated a sufficient basis and the existence of exigent circumstances requiring it to sell and/or assume and assign the Acquired Assets under Section 363 and 365 of the United States Bankruptcy Code 11 U.S.C. §§ 101 <u>et</u> <u>seq</u>. as amended (the "<u>Bankruptcy Code</u>"), and such actions are appropriate exercises of the Debtor's business judgment. Approval of the Sale Motion and the Asset Purchase Agreement dated as of March 16, 2009 (the "<u>APA</u>") entered into by and between the Debtor and Hillcrest Management, LLC (or an Affiliate of Hillcrest Management, LLC, hereinafter "<u>Hillcrest</u>") and the consummation of the transactions contemplated thereby are in the best interests of the Debtor, its creditors, and its estate.

G. The Debtor has adequately and appropriately marketed the Acquired Assets through, <u>inter alia</u>, the dissemination of information relating to the Acquired Assets to potential purchasers over the past months, the opportunity of any interested party to conduct due diligence, by negotiations with parties other than Hillcrest and by the notice of the Sale Hearing.

H. No consents or approvals other than those provided for in the APA are required for the Debtor to consummate the transactions described in the APA.

I. The Debtor has full corporate power and authority to execute the APA and all other documents contemplated thereby, and the sale of the Acquired Assets by the Debtor has been duly and validly authorized by all necessary corporate action of the Debtor.

J. Approval of the APA and consummation of the sale transactions at issue in the APA and the Sale Motion at this time are in the best interests of the Debtor, its creditors, its estate, and other parties in interest.

K. The Debtor has demonstrated good and sufficient business justification for the sale of the Acquired Assets pursuant to section 363(b) of the Bankruptcy Code outside of a plan of reorganization in that, among other things:

1. A sale pursuant to section 363(b) is likely to produce a greater return to creditors in the Debtor's case than if the Acquired Assets were sold in connection with a plan of reorganization, because the unavoidable delay and expense required to confirm such a plan would deprive the Debtor's estate of the opportunity to realize the maximum value of the Acquired Assets available through an immediate sale of a going-concern business and the increased delay associated with a plan of reorganization may jeopardize the consummation of the sale of the Acquired Assets or any attempt to generate a going-concern sale of the Acquired Assets; and

2. A sale to Hillcrest of the Acquired Assets at this time will result in the highest possible sale price.

L. Hillcrest is hereby found to be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the transactions contemplated by the APA. The transfer of the Acquired Assets pursuant to the APA (a) are or will be legal, valid and effective transfers of property of the Debtor's estate to Hillcrest, and (b) vests or will vest Hillcrest with all right, title, and interest of the Debtor in and to the Acquired Assets free and clear of all liens, claims, mortgages and encumbrances pursuant to section 363(f) of the Bankruptcy Code, as and to the extent provided in this Sale Order and the APA, with all valid liens, claims, mortgages and encumbrances on the Acquired Assets to attach to the Purchase Price. The Bankruptcy Court has jurisdiction to authorize and approve the transfer of all of the Acquired Assets pursuant to the terms of this Sale Order and the APA.

M. The terms and conditions of the APA are fair and reasonable. The APA represents the highest and best offer for the Acquired Assets. The Purchase Price is fair and reasonable and constitutes reasonably equivalent value for the Acquired Assets under the Bankruptcy Code and applicable law.

N. The APA was proposed, negotiated, and entered into by the parties without collusion, in good faith, and from arm's length bargaining positions. Neither the Debtor nor Hillcrest has engaged in any conduct that would cause or permit the APA to be avoided under Section 363(n) of the Bankruptcy Code.

O. The sale must be approved and consummated promptly in order to maximize the value of the Debtor's business and assets.

P. Hillcrest would not have entered into the APA and would not consummate the transactions contemplated thereby, thus adversely affecting the Debtor, its estate, and its creditors, if the sale of the Acquired Assets to Hillcrest and the assignment of the Assigned Contracts to Hillcrest were not free and clear of all interests, liens, claims and encumbrances of any kind or nature whatsoever except for the Assumed Liabilities, or if Hillcrest would, or in the future could, be liable for any of the interests.

Q. The Debtor may sell the Acquired Assets free and clear of all interests, liens, claims and encumbrances of any kind or nature whatsoever because, in each case, one or more of the standards set forth in 11 U.S.C. § 363(f)(1)-(5) has been satisfied. Those non-debtor parties with interests in the Debtor's assets who did not object, or who withdrew their objections, to the sale or the Sale Motion are deemed to have consented pursuant to 11 U.S.C. §§ 363(f)(2) and 365. Those non-debtor parties with interests in the Debtor's assets who did object fall within one or more of the other subsections of 11 U.S.C. §§ 363(f) and 365 and are adequately protected by

having their interests, if any, attach to the cash proceeds of the sale ultimately attributable to the property against or in which they claim an interest.

R. The transfers contemplated by the APA do not and shall not subject Hillcrest to any liability for claims against the Debtor by reason of such transfers under the laws of the United States, any state, territory or possession thereof, including claims relating to the operation of the Debtor's businesses before the Closing Date, except as specifically provided in the APA.

S. The Debtor may assume the Assigned Contracts identified in the APA and assign each of them to Hillcrest pursuant to Sections 363 and 365 of the Bankruptcy Code and this Order notwithstanding any anti-assignment clause or other provision in the Assigned Contracts granting rights or privileges personal to the Debtor or otherwise tending to limit Hillcrest's use, enjoyment or benefit of the full panoply of rights and privileges under such Assigned Contract or Leases, as provided by Section 365(f) of the Bankruptcy Code. The assumption and assignment of the Assigned Contracts is in the best interest of the Debtor and its estate, creditors and other parties in interest, representing the reasonable exercise of sound and prudent business judgment by the Debtor. Hillcrest and the Debtor have provided evidence of adequate assurance of future performance by Hillcrest under each of the Assigned Contracts to the non-debtor counterparties. The Debtor is assuming and assigning only the Assigned Contracts at this time and the Debtor retains the right to assume or reject any executory contract or unexpired lease to which it is a party that is not an Assigned Contract or Lease.

T. The Debtor (i) has cured, or has provided adequate assurance of cure, of any default existing prior to the date hereof under any of the Assigned Contracts, within the meaning of 11 U.S.C. § 365(b)(1)(A), and (ii) has provided compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default

prior to the date hereof under any of the Assigned Contracts, within the meaning of 11 U.S.C. §365(b)(1)(B).

U.     The sale of the Acquired Assets is exempt from any taxes, including, without limitation, any sales, recording, or other transfer taxes or fees otherwise applicable, pursuant to the provisions of the Bankruptcy Code.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

<u>General Provisions</u>

1.     The Sale Motion is GRANTED, as further described herein.

2.     All objections to the Sale Motion have either been resolved or are overruled.

<u>Approval of the APA</u>

3.     The APA, and all of the terms and conditions thereof, are hereby approved.

4.     The sale to Hillcrest is approved pursuant to Sections 105, 363, 365 and 1146(a) of the Bankruptcy Code, and the Debtor and Hillcrest are directed and authorized to immediately take such actions as are necessary to consummate and implement the APA. The terms and conditions of the APA are hereby approved in all respects.

5.     Pursuant to Section 363(b) of the Bankruptcy Code, the Debtor is hereby authorized and empowered to fully assume, perform under, consummate, and implement the APA, together with such additional instruments and documents as may be reasonably necessary or desirable to implement the APA, and to take all further actions as may reasonably be requested by Hillcrest for the purpose of assigning, transferring, granting, conveying and conferring to Hillcrest, or reducing to Hillcrest's possession, any or all of the Acquired Assets, or

as may be necessary or appropriate to the performance of the obligations contemplated by the APA.

### Transfer of Assets

6. Pursuant to Section 363(f) of the Bankruptcy Code, the Acquired Assets shall be transferred to Hillcrest and, upon the closing under the APA, shall be free and clear, unless otherwise specified in the APA, of all liens, claims, encumbrances and interests, whether arising prior to or subsequent to the commencement of the Debtor's chapter 11 case, and whether imposed by agreement, understanding, law, equity or otherwise, with all such liens, claims, encumbrances and interests to attach to the Purchase Price in the order of their priority, with the same validity, force and effect which they now have as against the Acquired Assets. Without limiting the generality of the foregoing, (a) the sale proceeds shall be distributed at or immediately after closing in the order and in the amounts set forth in **Exhibit A** to this Order, and (b) Bank of America, N.A. ("Bank of America") shall retain and have a perfected first priority interest in all of the Excluded Assets other than as set forth in those certain post-petition financing orders entered by this Court, and the right to collect and/or liquidate, as appropriate and without further order of this Court, the Excluded Assets identified in paragraphs(b), (e) (limited to collecting Tax rebates or refunds arising out of the Pre-Closing Period), (i) and (j). All taxing authorities are hereby authorized and directed to send to the Bank any and all refunds and rebates owed to the Debtor arising out of the Pre-Closing Period. Hillcrest and the Debtor agree to immediately turnover to Bank of America any tax refunds or rebates that are attributable to the Pre-Closing Period. Bank of America and the Debtor agree to immediately turnover to Hillcrest any tax refunds or rebates that are attributable to the Post-Closing Period. Without limiting the generality of the foregoing, Bank of America shall have the authority to collect Aged

Accounts Receivable, other than the Additional Discounted Accounts Receivable,-, and all account debtors are authorized and directed to pay to Bank of America such Aged Accounts Receivable.

6A. Cash Distributions.

(a) Distributions of Proceeds. Any payment made pursuant to and to the persons listed in paragraphs 6, 7 and 8 on **Exhibit A** (for purposes of this paragraph 6A, the "Claimants") shall be made by check drawn on a domestic bank.

(b) Delivery of Distributions. Subject to Bankruptcy Rule 9010, all payments to Claimants shall be made at the address of such holder as set forth on any proof of claim filed in this case, or if no proof of claim was filed then on the schedules filed with the Bankruptcy Court, on the books and records of the Debtors or their agents, or in accordance with any change of address received by the Debtor prior to the issuance of the payment. The distributions to the Claimants shall be made by counsel to the Debtor unless such counsel makes arrangements for the distributions to be made by another person. As an accommodation to Debtor's counsel, counsel for Bank of America has agreed to print and mail the distribution checks in the amounts and to the addresses furnished by the Debtor. Counsel for Bank of America shall have no duty to independently investigate or confirm the amounts of the distribution checks or the addresses to which they shall be sent. Neither the Debtor, nor the Debtor's counsel, nor the Committee of Unsecured Creditors, nor its counsel, nor Bank of America, nor its counsel (collectively, the "Disbursing Parties"), shall be liable to any party provided that the distribution checks are written and mailed in compliance with this Paragraph 6A. The Disbursing Agent shall have no obligation to make any distribution for an amount less than Three Dollars ($3.00) as set forth on Schedule 1 to **Exhibit A**.

(c) Distributions to Holders as of Confirmation Date. As of the date of entry of this Order, the claims register relating to the parties identified in this paragraph 6A shall be closed. There shall be no further changes made to the identity of the record holder of any such claim. The Disbursing Parties shall have no obligation to recognize any transfer of any claim occurring after the entry of this Order. The Disbursing Parties shall be authorized and entitled to recognize and deal for all purposes under this Order with only those record holders stated on the applicable claims register at the close of business on the date of entry of this Order.

(d) Undeliverable and Unclaimed Distributions. If any Claimant's distribution is returned as undeliverable, no further distributions to such

> Claimant shall be made unless and until the holder notifies the Debtor's counsel in writing of such Claimant's then current address, at which time all missed distributions shall, subject to the final sentence of this paragraph, be made as soon as is practicable to such holder, without interest. Checks issued to the Claimants shall be null and void if not negotiated within one-hundred and twenty (120) days after the date of issuance thereof. All claims for undeliverable distributions or voided checks shall be made on or before the expiration of the one hundred and twenty (120) period. After such dates, all undeliverable distributions shall be deemed unclaimed property under Code § 347(b) and shall become property of Bank of America and the Claimant's claim in the amount set forth on **Exhibit A** and/or Schedule 1 shall be deemed disallowed. The Claimant for which any undeliverable distribution has been deemed unclaimed property under Code § 347(b) shall not be entitled to any other or further distribution in connection with this case on account of such claim. All undistributed funds remaining from the carve-out from sale proceeds for items 6, 7 and 8 on **Exhibit A** after distributions are made in compliance with this Order shall be paid to and shall be the property of Bank of America without any further order of this Court.

7. All persons or entities holding liens, claims, encumbrances or interests of any kind and nature with respect to the Acquired Assets are hereby barred from asserting such liens, claims, encumbrances or interests of any kind and nature against Hillcrest, its successors or assigns, or the Acquired Assets.

8. The transfer of the Acquired Asset to Hillcrest pursuant to the APA constitutes a legal, valid, and effective transfer of the Acquired Assets, and shall vest Hillcrest with all right, title, and interest of the Debtor in and to the Acquired Assets free and clear of all interests, liens, claims and encumbrances of any kind or nature whatsoever.

<u>Assumption and Assignment to Purchasers of Assigned Contracts</u>

9. Pursuant to 11 U.S.C. §§ 105(a) and 365, and subject to and conditioned upon the Closing of the Sale, the Debtor's assumption and assignment to Hillcrest, and Hillcrest's assumption on the terms set forth in the APA, of the Assigned Contracts is hereby approved, and the requirements of 11 U.S.C. § 365(b)(1) with respect thereto are hereby deemed satisfied.

10. The Debtor is hereby authorized and directed in accordance with 11 U.S.C. §§ 105(a) and 365 to (a) assume and assign to Hillcrest, effective upon the Closing of the Sale, the Assigned Contracts free and clear of all interests, liens, claims and encumbrances of any kind or nature whatsoever, and (b) execute and deliver to Hillcrest such documents or other instruments as may be necessary to assign and transfer the Assigned Contracts to Hillcrest.

11. The Assigned Contracts shall be transferred to, and remain in full force and effect for the benefit of Hillcrest in accordance with their respective terms, notwithstanding any provision in any such Assigned Contract (including those of the type described in sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts, or conditions such assignment or transfer and, pursuant to 11 U.S.C. §365(k), the Debtor shall be relieved from any further liability with respect to the Assigned Contracts after such assignment to and assumption by Hillcrest.

12. All defaults or other obligations of the Debtor under the Assigned Contracts arising or accruing prior to the date of this Order (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) shall be deemed cured upon payment at the Closing of the Sale or as soon thereafter as practicable of the Cure Amounts, if any, set forth on **Exhibit 1** hereto (the "Cure Amounts") with respect to each of the Assigned Contracts.

13. Except for the obligation to pay the Cure Amounts, each non-debtor party to an Assigned Contract hereby is forever barred, estopped, and permanently enjoined from asserting against the Debtor or Hillcrest, or the property of any of them, any default existing as of the date of the Sale Hearing, whether declared or undeclared or known or unknown, or, against Hillcrest, any counterclaim, defense, setoff or any other claim asserted or assertable against the Debtor.

14. The failure of the Debtor or Hillcrest to enforce at any time one or more terms or conditions of any Assigned Contract shall not be a waiver of such terms or conditions, or of Hillcrest's rights to enforce every term and condition of the Assigned Contracts.

15. Any provisions in any Assigned Contract that prohibit or condition the assignment of any Assigned Contract or allow the non-debtor party to such Assigned Contract to terminate, recapture, impose any penalty, condition a renewal or extension, or modify or limit any term or condition upon the assignment of such Assigned Contract, constitute unenforceable anti-assignment provisions that are void and of no force and effect. All other requirements and conditions under Sections 363 and 365 of the Bankruptcy Code for the assumption by the Debtor and assignment to Hillcrest of the Assigned Contracts have been satisfied. Upon the Closing, in accordance with Sections 363 and 365 of the Bankruptcy Code, Hillcrest shall be fully and irrevocably vested with all rights, title, privilege and interest of the Debtor under the applicable Assigned Contracts.

<u>Additional Provisions</u>

16. Hillcrest shall have no liability or responsibility for any liabilities or other obligations of the Debtor arising under or related to such Acquired Assets, accept as set forth in the APA as Assumed Liabilities. Without limiting the generality of the foregoing, Hillcrest shall not be liable for: (i) any fixed, unliquidated or contingent claims against the Debtor or any of its predecessors or affiliates, whether based upon successor or vicarious liability or otherwise, and whether any of such items are known or unknown as of the Closing Date; (ii) any violation or alleged violation of any Environmental Laws; or (iii) liabilities under any pension, ERISA, tax, employment, labor, employment or antidiscrimination laws or regulations, any products liability law, or any other liability related to the Debtor or the Excluded Assets.

17. On and after the Closing Date, each of the Debtor's creditors asserting a lien in any of the Acquired Assets is authorized and directed to execute such documents and take all other actions as may be necessary to release its liens on or against the Acquired Assets being transferred pursuant to the APA, as such liens may have been recorded or otherwise exist; provided that the failure of any such creditors to comply with the provisions of this paragraph 17 shall in no way limit the release, discharge and termination of any such lien against the Acquired Assets as otherwise provided by this Sale Order.

18. If any person or entity that has filed financing statements, mortgages, mechanic's liens, *lis pendens*, or other documents or agreements evidencing Liens and other interests of record against or in the Acquired Assets shall not have delivered to the Debtor or Hillcrest prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfactions, releases of all Liens and other interests that the person has with respect to the Acquired Assets, then, subject to the occurrence of the Closing, (a) each of the Debtor and Hillcrest is hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Acquired Assets; and (b) Hillcrest is hereby authorized to file, register, or otherwise record a certified copy of this Sale Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Liens and other interests against or in the Acquired Assets except Assumed Liabilities.

19. The automatic stay provisions of Section 362 of the Bankruptcy Code are vacated and modified to the extent necessary to implement the terms and provisions of the APA and the provisions of this Sale Order.

20. As to the APA and Acquired Assets transferred thereby, this Sale Order (a) is and shall be effective as a determination that, on the Closing Date and the payment of the Purchase Price required to be paid on the Closing Date, all liens existing as to the Acquired Assets prior to the Closing Date have been unconditionally released, discharged; and (b) is and shall be binding upon and govern the acts of all persons or entities including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, taxing authorities, registrars of deeds, registrars of patents, trademarks or other intellectual property, administrative agencies, governmental departments, governmental entities, secretaries of state, federal, state, and local officials, and all other persons or entities who may be required by operation of law or contract, to accept, file, register or otherwise record or release any documents or instruments.

21. All persons or entities who are presently, or on the Closing Date may be, in possession of some or all of the Acquired Assets are hereby directed to surrender possession of the Acquired Assets to Hillcrest on the Closing Date.

22. Article 6 of the Uniform Commercial Code governing Bulk Sale Transfers is not applicable to the sale of the Acquired Assets to Hillcrest.

23. The Bankruptcy Court retains jurisdiction to (i) enforce and implement the terms and provisions of the APA, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith; (ii) compel delivery of the Acquired Assets to Hillcrest; (iii) compel delivery of the Purchase Price; (iv) compel specific performance of the Debtor's and Hillcrest's obligations under the APA; (v) resolve any disputes arising under or related to the APA, except as otherwise provided herein; (vi) interpret, implement and enforce

the provisions of this Sale Order; and (vii) determine any disputes relating to or concerning the receipt, use, application or retention of the proceeds from the sale of the Acquired Assets.

24. Nothing contained in any plan of reorganization or liquidation confirmed in the Bankruptcy Case or the order of confirmation confirming such plan shall conflict with or contradict the provisions of the APA or this Sale Order. To the extent that any provision of this Sale Order is inconsistent with the provisions of the APA, any prior order, or any pleading with respect to the motions in this case, the terms of this Sale Order control.

25. Hillcrest is deemed a buyer in good faith of the Acquired Assets and thus entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

26. The terms and provisions of the APA, together with the terms and provisions of this Sale Order, shall be binding in all respects upon, and shall inure to the benefit of, the Debtor, the Debtor's estate and the Debtor's creditors, Hillcrest and its affiliates, successors and assigns, and any affected third parties and persons or entities asserting a claim against or interest in or lien on the Debtor's estate or any of the Acquired Assets, notwithstanding any subsequent appointment of any trustee for the Debtor under any chapter of the Bankruptcy Code, as to which trustee such terms and provisions likewise shall be binding in all respects.

27. The APA and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of the Bankruptcy Court, provided that any such modification, amendment or supplement is not material.

28. The failure specifically to include any particular provision of the APA in this Sale Order shall not diminish or impair the efficacy of such provision.

29. The Debtor and Hillcrest are hereby authorized and directed to take all actions reasonable and necessary to effectuate the terms of the APA, the transactions contemplated thereunder and the provisions of this Sale Order, all without the necessity of any further order of the Bankruptcy Court.

30. The provisions of Bankruptcy Rules 6004(g) and 6006(d) shall not apply to stay consummation of the sale of the Acquired Assets to Hillcrest under the APA, as contemplated in the Motion and approved by this Sale Order, and the Debtor and Hillcrest are hereby authorized to consummate the transactions contemplated and approved herein immediately upon entry of this Sale Order.

31. Any appeal seeking to enjoin or stay consummation of the Proposed Transaction ("Appeal") shall be subject to the appellant depositing or posting a bond in an amount equal to the then aggregate purchase price, and applicable damages, pending the outcome of the Appeal.

Dated: March 25, 2009

/s/ James B. Haines, Jr.
_____
The Honorable James B. Haines, Jr.
United States Bankruptcy Judge

# CERTIFICATE OF NOTICE

```
District/off: 0100-2           User: jwinberg             Page 1 of 3              Date Rcvd: Mar 25, 2009
Case: 08-21022                 Form ID: pdf900            Total Served: 182
```

The following entities were served by first class mail on Mar 27, 2009.

```
db            Morin Brick Company,   130 Morin Brick Road,    Auburn, ME   04210
smg          +State of Maine,   Bureau of Revenue Services,   Bankruptcy Unit,   P.O. Box 9101,
               Augusta, ME 04333-0001
cr            Central Maine Power Company,   Edison Drive,   P.O. Box 1070,   Augusta, ME   04332-1070
crcm         +Committee of Creditors Holding Unsecured Claims,   c/o Perkins Thompson, P.A.,   One Canal Plaza,
               PO Box 426,   Portland, ME 04112-0426
cr           +Daymark Group, LLC,   40 Stark Street,   Manchester, NH 03101-1979
cr           +Maine Employers' Mutual Insurance Company,   c/o Pierce Atwood LLP,   Attn: Jacob A. Manheimer,
               One Monument Square,   Portland, ME 04101-1110
cr           +Mid-Maine Communications, Inc.,   44 Broadway,   Bangor, ME 04401-5278
consult      +Spinglass Management Group, LLC,   482 Congress Street Suite 402,   Portland, ME 04101-3424
1417230       A.E. Home & Son Ltd.,   P.O. Box 430,   St. Stephen NB E3L 2X3  Canada
1417231      +Admiral Lewiston,   1 Saratoga Street,   Lewiston, ME 04240-3527
1417232      +Advanced Building Products, Inc.,   P.O. Box 98,   Springvale, ME 04083-0098
1417233      +Advanced Liquid Recycling Inc.,   P.O. Box 901,   Meriden, CT 06450-0901
1417234      +Aime Bellavance & Sons, Inc.,   P.O. Box 398,   5 South Vine Street,   Barre, VT 05641-4033
1417236       American Express,   P.O. Box 1270,   Newark, NJ 07101-1270
1421797       American Express Bank FSB,   c/o Becket and Lee LLP,   POB 3001,   Malvern PA 19355-0701
1417237      +American Steel & Aluminum Corp.,   P.O. Box 3096,   Boston, MA 02241-0001
1417238       American Tescor, Inc.,   P.O. Box 2070,   Phoenix, AZ 85001-2070
1417239      +Amgro, Inc.,   100 North Parkway,   Worcester, MA 01605-1349
1417240      +Anchor Concrete Products, Inc.,   P.O. Box 415145,   Boston, MA 02241-0001
1417241      +Andy Valley Ref. Serv., Inc.,   429 Bishop Hill Road,   Leeds, ME 04263-3530
1417242       Anthem Blue Cross/Blue Shield,   P.O. Box 591,   Lewiston, ME 04243-0591
1417243       Anthem Blue Cross/Blue Shield,   P.O. Box 11002,   Lewiston, ME 04243-9453
1417244      +Anthem Life Insurance Company,   Department L-8111,   Columbus, OH 43268-0001
1417245       At&T Mobility,   P.O. Box 6463,   Carol Stream, IL 60197-6463
1417246      +Auburn, City of,   60 Court Street,   Attn: Tax Collector,   Auburn, ME 04210-5983
1417247       Baker, Newman & Noyes,   280 Fore Street,   P.O. Box 507,   Portland, ME 04112-0507
1417248       Bangor Hydro Electric Company,   P. O. Box 11008,   21 Telcom Drive,   Lewiston, ME 04243-9459
1417249       Bank of America,   P.O. Box 15019,   Wilmington, DE 19886-5019
1417250      +Bank of America Securities LLC,   Attn: Lockbox-Competitive/Remar,   File #73852,
               P.O. Box 60000,   San Francisco, CA 94160-0001
1445330      +Bank of America, N. A,,   Attn: Mr. M-BK,   1000 Samoset Drive,   DE5-023-03-03,
               Newark, DE 19713-6000
1433537       Bay State Gas/Northern Utilities,   PO Box 2025,   Springfield, MA 01102-2025,
               Attention: Bankruptcy Department
1417251       Belden Brick Company,   P.O. Box 20910,   Canton, OH 44701-0910
1417252       Bernstein Shur Sawyer & Nelson,   100 Middle Street,   P.O. Box 9729,   Portland,
               Portland, ME 04104-5029
1417253      +Bon Tool Co.,   4430 Gibsonia Road,   Gibsonia, PA 15044-7945
1417254      +Boulet Freight Management Inc.,   Brian Boulet,   P.O. Box 357,   Fairfield, ME 04937-0357
1417255      +Bowerston Shale Company,   515 Main Street,   P.O. Box 199,   Bowerston, OH 44695-0199
1417256       Brick Industry Association,   1850 Centennial Park Drive,   Suite 301,   Reston, VA 20191-1542
1417257      +Brick Institute of America,   11490 Commerce Park Drive,   Reston, VA 20191-1557
1417258       Brickstop Coporation,   4630 Dufferin St. Unit 20,   Toranto, ON M3H 5S4  Canada
1417259       Brookville Carriers,   65 Alloy Drive,   Spruce Lake Industrial Park,
               Saint John, NB E2M 7S9  Canada
1417261       C.H. Robinson Worldwide, Inc.,   14701 Clarkson Road,   Eden Prairie, MN  55347
1421197      +CENTRAL MAINE POWER,   83 EDISON DRIVE,   AUGUSTA ME 04336-0001,   ATTN:BANKRUPTCY DEPARTMENT
1417273      +CMS Industries, Inc.,   P.O. Box 60,   Orchard Park, NY 14127-0060
1417262      +Carl Huston Excavating,   9931 Two Notch Road,   Columbia, SC 29223-4390
1417263      +Carolina Ceramics, Inc.,   9931 Two Notch Road,   Columbia, SC 29223-4390
1417264      +Central Maine Partners in Heal,   Attn: Accounts Receivable,   30 Belgrade Ave,
               Auburn, ME 04210-4095
1417265       Central Maine Power,   P.O. Box 1084,   Augusta, ME 04332-1084
1417266      +Central Transport,   Legal Collectionms,   12225 Stephens Road,   Warren, MI 48089-2010
1417267      +Certified Laboratories,   2727 Chemsearch Blvd,   Irving, Tx 75062-6454
1417268      +Charles S. Chase Co.,   177 Cash Street,   South Portland, ME 04106-6242
1417269      +Chemical Products Corporation,   P.O. Box 101486,   Atlanta, GA 30392-1486
1417270       Ciment Quebec,   145, Boul, Du Centenaire,   St-Basile, QC  G0A 3G0,   Canada
1417271       Cincinnati Time Recorder of ME,   270 St. John St.,   Portland, ME 04102-3019
1417272      +Clemson University,   National Brick Research Center,   100 Clemson Research Blvd.,
               Anderson, SC 29625-6548
1417274       Coburn Sales, Inc.,   P.O. Box 606,   Lexington, MA 02420-0006
1417275      +Complete Hydraulics, Inc.,   591 Ridge Road,   Plymouth, ME 04969-3146
1417276       Concentra Medical Centers,   P.O. Box 20127,   Cranston, RI 02920-0942
1417277       Corporate Express,   P.o. Box 95708,   Chicago, IL 60694-5708
1417278      +Crystal Spring Water,   P.O. Box 1450,   Auburn, ME 04211-1450
1417279      +Cunningham Brick Company,   701 North Main Street,   Lexington, NC 27292-2793
1417280      +Custom Masonry, Inc.,   27 Bradstreet Drive,   Wales, ME 04280-3010
1417281      +D&D Starter,   183 N. Pownal Road,   New Gloucester, ME 04260-4829
1417282       Dead River Company,   P.O. Box 6100,   Lewiston, ME 04243-6100
1417283       Diversified Ceramic Services, Inc.,   P.O. Box 77951,   Greensboro, NC 27417-7951
1417284      +Downeast Networks, Inc.,   P.O. Box 2337,   Lewiston, ME 04241-2337
1417285      +Dresser & Associates, Inc.,   P.O. Box 7212,   Scarborough, ME 04070-7212
1417286      +Dutch Quality Stone, Inc.,   P.O. Box 974367,   Dallas, TX 75397-0001
1417287      +Dynamic Business Solutions,   1035 Hinesburg Road,   South Burlington, VT 05403-7612
1417288      +E.S. Boulos Company,   P.O. Box 860,   Portland, ME 04104-0860
1417289      +Eagle Security Systems,   735 Main Road N.,   Hampden, ME 04444-1902
1417290      +Easy Rent-All, Inc.,   20 South Avenue,   Lewiston, ME 04240-5756
1417292       Fastenal Company,   P.O. Box 978,   Winona, MN 55987-0978
1417293       Formsource, Inc.,   P.O. Box 560,   Auburn, ME 04212-0560
```

```
1417294     +Freedom Logistics LLC,   816 Elm Street,   Suite 364,   Manchester, NH 03101-2105
1417295      Gagne & Son,   28 Old Route #27 Road,   Belgrade, ME 04917-3708
1417296      Garvin Construction Products, Inc.,   128 Cambridge Street,   Charlestown, MA 02129-1227
1417297     +Gelco,   P.O. Box 404295,   Atlanta, GA 30384-4295
1417298     +Genest Concrete Works, Inc.,   P.O. Box 151,   Wilson Street,   Sanford, ME 04073-0151
1417299      Genuine Parts, Co. - NAPA Auto Parts,   P.O. Box 409043,   Atlanta, GA 30384-9043
1417300     +George R. True & Son Trucking,   38 Dr. Mann Road,   Chelsea, ME 04330-1003
1417301     +Glenwood Stone Co., Inc.,   RR #1, Box 1130,   Nicholson, PA 18446-9415
1417302     +Gorham, Town of,   75 South Street,   Gorham, ME 04038-1713
1417303      Great Falls Security Systems, Inc.,   P.O. Box 1386,   Auburn, ME 04211-1386
1417304     +Greeley's Garage,   741 Washington Street,   Auburn, ME 04210-3893
1417305     +Halbert Mill Company,   P.O. Box 927,   Jacksonville, TX 75766-0927
1417306      Hammond Lumber,   P.O. Box 500,   Belgrade, ME 04917-0500
1417307      Hartt Transportation Systems, Inc.,   P.O. Box 1385,   Bangor, ME 04402-1385
1417308      Hauck Manufacturing Co.,   P.O. Box 13306,   Newark, NJ 07101-3306
1417309     +Health & Environmental Testing,   221 State Street, Station #12,   Augusta, ME 04333-0001
1417311     +IDEARC Media formerly Verizon Directories,   5601 Executive Drive,   Iving,Texas 75038-2508
1417313    ++INTERNAL REVENUE SERVICE,   CENTRALIZED INSOLVENCY OPERATIONS,   PO BOX 21126,
             PHILADELPHIA PA 19114-0326
             (address filed with court:   Internal Revenue Service,   P.O. Box 21126,
             Centralized Insolvency Operation,   Philadelphia, PA 19114)
1417312     +Industrial Metal Flame Sprayer,   P.O. Box 11346,   Durham, NC 27703-0346
1417314      J.C. Steel & Sons, Inc.,   P.O. Box 1834,   Statesville, NC 28687-1834
1417315     +Jackie's Cleaning & Maintenance,   61 Lisbon Street,   Lisbon, ME 04250-6019
1417316     +Jerry Dupont Excavating,   1201 Lewiston Road,   New Gloucester, ME 04260-3440
1417317     +Jewell Resources, Inc.,   166 Route One Twenty,   Plainfield, NH 03781-5428
1417318      K.D.T. Towing & Repair, Inc.,   Oakland Road,   Augusta, ME 04330
1417319     +Kercher Industries, Inc.,   920 Mechanic Street,   Lebanon, PA 17046-1936
1417320     +Kopp Clay Company,   P.O. Box 488,   Malvern, OH 44644-0488
1417322      Lafarge North America,   Attention: Chuck Pillivant,   20 Oak Hollow, Suite 260,
             Southfield, MI  48033-7465
1417323      Lane Supply Company,   One Industrial Plaza,   P.O. Box 218,   Brewer, ME 04412-0218
1417324     +Lawrence Brick, Inc.,   P.O. 890139,   Charlotte, NC 28289-0139
1417325     +Levine Fricke Recon,   P.O. Box 45912,   San Francisco, CA 94145-0912
1417326      Logan Clay Products Co.,   P.O. Box 698,   Logan, OH 43138-0698
1417327     +Mac Logistics, Inc.,   295 Union Street,   East Walpole, MA 02032-1022
1417328      Maine Employers Mutual Insurance, Inc.,   PO Box 6900,   Lewiston, ME 04243-6900
1417329     +Maine Municipal Association,   60 Community Drive,   Augusta, ME 04330-9486
1417330     +Maine Natural Gas,   P.O. Box 99,   Brunswick, ME 04011-0099
1417331     +Maine Oxy,   22 Albiston Way,   Auburn, ME 04210-4869
1417332     +Maine Turnpike Authority,   430 Riverside Street,   Portland, ME 04103-1089
1417333      Mainebiz,   2 Cotton Street,   Portland, ME 04101-3905
1417334     +MaraMack Business Equipment,   15 Daniel Street,   Gorham, ME 04038-2101
1417335     +Masonry Technology Incorporate,   24235 Electric Street,   P.O. Box 214,   Cresco, IA 52136-0214
1417336      Masterman's Industrial Distributor,   P.O. Box 411,   Auburn, MA 01501-0411
1417337      McGraw-Hill Construction,   7625 Collection Center Drive,   Chicago, IL 60693-0076
1417338      Mid-Maine Communications,   900D Hammond St.,   Bangor, ME 04401
1417339     +Mill Hall Clay Products, Inc.,   2 Homestead Drive,   Mill Hall, PA 17751-1800
1417340     +Modern Abrasive Corp.,   2855 Route 12,   P.O. Box 219,   Spring Grove, IL 60081-0219
1417341      Monson Companies, Inc.,   P.O. Box 14010,   Lewiston, ME 04243
1417342      Morrison & Sylvester Co.,   1175 Minot Ave.,   Auburn, ME 04210-3795
1417343     +Mortar Net,   541 South Lake Street,   Gary, IN 46403-2408
1417344     +N.E.T.S. Inc.,   5 Bank Street, Suite #203,   Attleboro, MA 02703-2351
1417345     +Ness Oil Co.,   249 Washington Street,   Auburn, ME 04210-4889
1417346     +New England Truck Tire,   10 Ginn Road,   Scarborough, ME 04074-9567
1417347     +Norfolk Southern Corporation,   1200 Peachtree Street,   Revenue Accounting Customer Service,
             Atlanta, GA 30309-3579
1417348      Northern Utilities,   P.O. Box 9001848,   Louisville, KY  40290-1848
1417349     +Oak Grove Spring Water Co,   480 N Main Street,   Brewer, ME 04412-1216
1417350      Oldcastle Stone Products,   P.O. Box 403251,   Atlanta, GA 30384-3251
1417351     +Panel Display Co.,   P.O. Box 302,   Scio, OH 43988-0302
1417352      Parker Davis Co., Inc.,   2310 North Tryon St.,   Charlotte, NC 28206-2791
1417353      Pine Hall Brick Co., Inc.,   PO Box 11044,   Winston-Salem, NC 27116-1044
1417354      Pitney Bowes Credit Corp.,   P.O. Box 856460,   Louisville, KY 40285-6460
1417355      Pitney Bowes, Inc.,   P.O. Box 85042,   Louisville, KY 40285-5042
1417356     +Portland Press Herald,   P.O. Box 11349,   Portland, ME 04104-7349
1417357     +Portland Stone Ware Co., Inc.,   P.O. Box 670,   Dracut, MA 01826-0670
1417358      Portland Water District,   P.O. Box 6800,   Lewiston, ME 04243-6800
1417359     +Portland Welding,   P.O. Box 8361,   Portland, ME 04104-8361
1417360     +Quikpoint, Inc.,   23 B Bradford Street,   West Concord, MA 01742-2971
1417361     +R.C. Hazelton Co.,   P.O. Box 217,   Cumberland Center, ME 04021-0217
1417362      R.H. Foster, Fuels,   P.O. Box 11005,   Lewiston, ME 04243-9456
1417363     +Redlon & Johnson,   P.O. Box 698,   Portland, ME 04104-0698
1417364     +Rolling Rock Building Stone, Inc.,   40 Rolling Rock Road,   Boyertown, PA 19512-8394
1417365     +Ross Express,   P.O. Box 8908,   Penacook, NH 03303-8908
1417367     +S.W. Cole Engineering, Inc.,   37 Liberty Drive,   Bangor, ME 04401-1130
1417368     +Sargent Trucking, Inc.,   P.O. Box 600,   Mars Hill, ME 04758-0600
1417369     +Schaefer - KIMMUL INC,   P.O. Box 2653,   Salisbury, NC 28145-2653
1417371     +Sebago-Pacific, Inc.,   P.O. Box 1657,   Naples, ME 04055-1657
1417372      Sheldon Slate Prod. Co.,   P.O. Box 245,   Monson, ME 04464-0245
1417373     +Silpro Corporation,   Stony Brook Park,   2 New England Way,   Ayer, MA 01432-1514
1417374      Simplex Grinnell,   Dept CH 10320,   Palatine, IL 60055-0320
1417375     +Sioux City Brick & Tile,   P.O. Box 807,   Sioux City, IA 51102-0807
1417376      Southworth-Milton, Inc.,   P.O. Box 3851,   Boston, MA 02241-0001
```

```
1417377      +Sprague Energy Corp.,    Two International Drive, Suite 200,    Portsmouth, NH 03801-6813
1417378      +Springfield Terminal Railway,    P.O. Box 11328,    Boston, MA 02211-0001
1417379      +Standard & Poor's,    2542 Collection Center Drive,    Chicago, IL 60693-0025
1417380       Standard Electric Company,    P.O. Box 641447,    Pittsburgh, PA 15264-1447
1417381       Staples Business Advantage,    Dept. BOS,    P.O. Box 30851,    Hartford, CT 06150-0851
1417382       Staples Credit Plan,    P.O. Box 689020,    Des Moines, IA 50368-9020
1417383      +Steeves, Richard G.,    P.O. Box 1815,    Standish, ME 04084-1815
1417384      +Stringliner,    P.O. Box 1889,    Williston, ND 58802-1889
1417385      +Summit Geoengineering Services,    640 Main Street,    Lewiston, ME 04240-5935
1417386       Sun-Journal,    Dept. D - P.O. Box 4400,    Lewiston, ME 04240-4400
1417387       Sunbury Transport Limited,    P.O. Box 905,    Vanier Highway,    Fredericton NB E3B 5B4   Canada
1417388      +T.E. Toomey,    55 Broadway Street,    Wakefield, MA 01880-3201
1417389      +Ted Berry Co., Inc.,    521 Federal Road,    Livermore, ME 04253-3042
1417390       Thayer Corporation,    1400 Hotel Road,    Auburn, ME 04210-4026
1417391       Tidal Transportation Inc.,    P.O. Box 1673,    Moncton NB E1C 9X5 Canada
1417392       Travelers Insurance,    CL Remittance Center,    Hartford, CT 06183-1008
1417393      +Trow and Holden Co., Inc.,    P.O. Box 475,    Barre, VT 05641-0475
1417394       Umaco, Inc.,    Attn: Attorney Paul Martignetti,    60 Rear Newhall Street,    Lowell, MA 01852
1417395      +Unifirst Corporation,    430 Riverside Industrial Parkway,    Portland, ME 04103-1436
1417396      +United Parcel Service,    P.O. Box 7247-0244,    Philadelphia, PA 19170-0001
1417397      +Verizon Wireless Northeast,    PO Box 3397,    Bloomington, IL 61702-3397
1417398      +Vestel Manufacturing Co.,    c/o CoFace Collections North America,    3001 Division Street,
               Metairie, LA 70002-5854
1417399      +W.B. Mason Company, Inc.,    P.O. Box 111,    Brockton, MA 02303-0111
1417400       W.D. Matthews Machinery Co.,    P.O. Box 319,    Auburn, ME 04212-0319
1417401      +Water Quality & Compliance Service,    P.O. Box 327,    South Gardiner, ME 04359-0327
1417402       Watsontown Brick,    P.O. Box 68,    Watsontown, PA 17777-0068
1417403      +Whitacre-Greer Fireproofing Co.,    1400 S. Mahoning Avenue,    Alliance, OH 44601-3494
1417404       Whitney Building Products, Inc.,    12 Allerton Street,    Boston, MA 02119-2902
1417405      +York Manufacturing, Inc.,    43 Community Drive,    Sanford, ME 04073-5809

The following entities were served by electronic transmission on Mar 25, 2009.
1417310      E-mail/Text: Paul@heckmannbuildingprods.com                            Heckman Building Prod., Inc.,
               1501 N. 31st Avenue,    Melrose Park, IL 60160-2911
                                                                                              TOTAL: 1

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
 fa*         +Daymark Group, LLC,    40 Stark Street,    Manchester, NH 03101-1979
1443257*      American Express Bank FSB,    c/o Becket and Lee LLP,    POB 3001,    Malvern PA 19355-0701
1419500*      Watsontown Brick Company,    PO Box 68,    Watsontown, PA  17777-0068
1455060*     +Whitney Building Products, Inc.,    12 Allerton Street,    Boston, MA 02119-2902
                                                                                         TOTALS: 0, * 4

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Mar 27, 2009**          **Signature:**   _Joseph Speetjens_